Daniel, Judge.
 

 The defendants, as obligors, entered into a penal bond in $3,600, to Gordon, the plaintiff, with
 
 *489
 
 a condition. The commencement of the condition recites that Gordon had contracted with Rainey, the principal obligor, to furnish a steam engine, &c. Who was to furnish the steam engine, and do the other work mentioned in the condition is the question
 
 1
 
 We think, it is clearly to be collected, from reading the whole instrument, that it was not Gordon, the obligee in the bond, but that it was Rainey the obligor; and that, too, to exonerate himself from the penalty in which he had bound himself to Gordon in the bond. The subsequent part of the condition recites “ Rainey is to find every thing,” that he is “ to have the
 
 whole done
 
 in a convenient, durable, and workmanlike manner for the sum of $1800;” and “to have the whole completed by the first of May.” The condition further proceeds as follows : “ Now if the above bounden Rainey^ shall well and truly have the above named work done, then the obligation to be void.” The construction put upon the instrument by the judge, that Rainey was only bound to erect the flue or chimney, we think was entirely too limited. It seems to us that he was bound to furnish every thing necessary, which the entire work mentioned in the condition required to be furnished, and also all the articles required to be furnished; and have the whole work done in a workmanlike manner by the time mentioned in the covenant. This is the plain intention and understanding of the parties, to be collected from reading the whole instrument; and the law requires it to be executed according to the intention, thus ascertained, viz. when the intention and meaning can be fairly arrived at, by reading the whole instrument. Any doubt which might arise as to who was to furnish all the things and do all the work, on reading the first part of the condition, is certainly explained by reading the residue of it. We think there must be a new trial.
 

 Pek Curiam. Judgment reversed.